## LONG v. MOORE.

No. 29383. June 11, 1940.

*103 P. 2d 502.*

Cecil E. Robertson, of Muskogee, for plaintiff in error.

Jay A. Anderson, of Muskogee, for defendant in error.

HURST, J. This is an action by the plaintiff, Moore, to recover the value of a mare, which was fatally injured while an attempt was being made to breed her to a jackass owned and kept by the defendants Long and Gunn. From verdict for the plaintiff, the defendant Long appeals, Gunn having died prior to the rendition of the judgment appealed from.

The sole question presented for reversal is whether the defendant was guilty of actionable negligence resulting in the death of the mare. The con-

tract for service was admitted, and it was admitted that when the mare was placed in the breeding pit she reared in such a way as to strike a crosspiece, tearing it from an upright post, and her body came down on the post, disemboweling her. The negligence relied on was the improper construction of the pit. Plaintiff's evidence tended to establish that the post used was too small, too pointed at the top, had not been properly cut to hold the crosspiece, that not enough nails had been used in attaching the crosspiece, and that these had not been long enough or driven into the post securely. It was admitted by the defendant that when the mare had been brought to the place a short time before the accident she showed a disposition to fight. Defendant's evidence conflicted in many respects with plaintiff's, but the jury was the judge of what evidence should be believed. The contention that the testimony of some of plaintiff's witnesses should be disregarded because they were not present at the time of the accident, and saw only the conditions as they appeared a short time thereafter, is untenable. The kind of post used, the method by which the crosspiece had been attached, the number and kind of nails used and depth to which they had been driven into the post, were matters readily observable by any person as familiar with like matters as the witnesses were shown to be.

The rule generally is that the owner of a male animal for service is required to exercise ordinary care to prevent injury, and that the degree of care required of him is proportional to the degree of danger, which is manifestly increased where, as here, the female is disposed to fight. 3 C. J. S. 1148, § 46; 2 Am. Jur. 724, §§ 40, 41.

We think there was sufficient evidence to submit the question of negligence and proximate cause to the jury.

Judgment affirmed.

WELCH, V. C. J., and OSBORN, DAVISON, and DANNER, JJ., concur.